## Wilson et al. v. Wilson et al.

(Decided June 20, 1933.)

248

C. C. BAGBY for appellants.

E. C. MOORE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On May 7, 1912, Ed Wilson, Sr., who was the owner of a 245-acre tract of land in Casey county, in consideration of $1 cash, conveyed the land to four of his sons, Brack, Basil, Ern, and Zolicoffer Wilson. On June 6, 1913, the grantees in the above deed, in consideration of $1 cash, reconveyed the land to their father, Ed Wilson, Sr., who died the owner of the land in the year 1914, survived by his widow and ten children. After his death his widow occupied the land as a homestead, and eight of the children lived with her on the land. On August 10, 1931, D. Wilson and Ed Wilson, Jr., the two children who did not reside on the land, brought this suit against the other children for a sale of the land and a division of the proceeds among the 10 joint owners on the ground that the land could not be divided without materially impairing its value or the value of plaintiffs' interest therein. The defendants filed an answer denying plaintiffs' title, and then an amended answer pleading the statute of limitations, and that Ed Wilson, Sr., held the land in trust for those defendants who lived on the land, all of which allegations were denied by a reply. Proof was taken, and the case was submitted for judgment. During the hearing the defendants filed an amended answer asking that the land be partitioned and that they be allotted eight-tenths thereof. Thereupon plaintiffs offered an amended petition alleging that the share of each joint owner was worth less than $100, which the court, over the objection of defendants, permitted to be filed. The defendants then moved the court to set aside the submission and continue the case, which motion was overruled. After hearing the evidence, judgment was rendered

ordering a sale of the land and a division of the proceeds. From that judgment all the defendants prosecuted an appeal, but on motion of Basil Wilson the appeal on his behalf has been dismissed.

The evidence does not show that the land was reconveyed to Ed Wilson, Sr., in trust for the children who remained at home. The evidence on the question is very vague and unsatisfactory, and the most that can be said is that Ed Wilson, Sr., wanted the property reconveyed to him so that he could buy a home in Florida.

Equally without merit is the contention that appellants acquired title by adverse possession. From the time of their father's death their mother occupied the land as a homestead. Both the possession and right of possession were in her. Appellants, who together with appellees had a joint estate in remainder, were permitted by the mother to remain on the land. In the circumstances, their possession was altogether amicable, and in no sense adverse to appellees. The fact that, according to appellants, appellees stated that they claimed no interest in the land, was wholly immaterial. Appellants did not acquire title on the faith of such statement, and no other element of estoppel is present. In the absence of estoppel, one does not lose title to real estate by a mere disclaimer of interest.

Not only was there substantial opinion evidence that the land was not susceptible of fair division, but the physical facts strongly support this view. The land consists mostly of hills and hollows, and there is very little level land. The land fronts on the public road only 40 or 50 yards, and runs back in a narrow strip for about a mile. There is an old passway through the land, and at times it is practically impassable. All the improvements, which constitute a large part of the value of the property, are located near the public road. Notwithstanding the fact that appellants expressed a willingness to have their portion allotted to them jointly, this could not be done without allotting them the improvements and the adjoining land, and allotting to plaintiffs their portions far removed from the public road, and thus imposing on them the burden of maintaining a passway almost a mile in length. It is clear, therefore, that the land could not be divided, even on

the plan suggested by appellants, without impairing the value of plaintiffs' interest therein, and that the court did not err in ordering a sale on that ground. This conclusion makes it unnecessary to pass on the propriety of the court's action in refusing a continuance after the filing of the amended petition relying on the additional ground that the share of each owner was worth less than $100.

Judgment affirmed.